# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CR13-4046-MWB |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| TREY MICHAEL BOYKIN, | |
| Defendant. | |

_____

This case is before me on a motion to sever (Doc. No. 38) filed by defendant Trey Michael Boykin (Boykin). Plaintiff (the Government) has filed a partial resistance (Doc. No. 42). Boykin's co-defendant, Gerry Alan Patterson (Patterson) has not filed a response. No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* Local Rule 7(c). The motion is now fully submitted.

## *BACKGROUND*

On May 21, 2013, the Grand Jury returned an indictment against Boykin and Patterson. The indictment contains a total of six counts, some naming both defendants and others naming only one:

| Count | Offense Charged and Date(s) Alleged | Against |
|---|---|---|
| 1 | Conspiracy to distribute marijuana, June 2012 through February 25, 2013 | Boykin only |
| 2 | Kidnapping, February 25, 2013 | Both |
| 3 | Possession of a firearm in furtherance of a crime of violence, February 25, 2013 | Both |
| 4 | Prohibited person in possession of a firearm, January 6, 2012 | Patterson only |
| 5 | Possession of a stolen firearm, January 6, 2012 | Patterson only |
| 6 | Prohibited person in possession of a firearm, February 25, 2013 | Both |

*See* Doc. No. 3. Trial is currently scheduled to begin November 18, 2013.

In his motion for severance, Boykin seeks to both (a) sever his trial from Patterson's and (b) sever the four counts charged against him into two separate trials, one for Count 1 and one for counts 2, 3 and 6. In its resistance, the Government states that it does not object to severing Boykin from Patterson for trial. However, the Government does object to severing the counts against Boykin into two separate trials.

## *ANALYSIS*

### *1. Joinder of Defendants*

An indictment may "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, the court may sever defendants if it appears that a defendant or the Government is prejudiced by a joinder. Fed. R. Crim. P. 14(a). The grant or denial of a motion to sever is left to the court's discretion. *See, e.g., United States v. Mickelson*, 378 F.3d 810, 817 (8th Cir. 2004). The Supreme Court has held that the joinder and severance rules "are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (internal quotations omitted).

A defendant seeking severance must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Blaylock*, 421 F.3d 758, 766 (8th Cir. 2005) (quoting *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993)). A defendant can demonstrate real prejudice by showing either (a) his defense is irreconcilable with that of

2

his co-defendant(s) or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. *Mickelson*, 378 F.3d at 818; *see also United States v. Washington*, 318 F.3d 845, 858 (8th Cir. 2003); *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995). In addition, the Supreme Court has recognized that a defendant is deprived of his rights under the Confrontation Clause when a codefendant's confession that incriminates both defendants is introduced at their joint trial, even if the jury is instructed to consider that confession only against the nontestifying codefendant. *Bruton v. United States*, 391 U.S. 123 (1968).

Here, Boykin contends that evidence pertaining to Patterson would have a spillover effect, creating prejudice to Boykin in the form of a "guilt by association" inference. Boykin also contends that Patterson has given statements in which he purports to implicate Boykin, thus creating a situation in which the two defendants have irreconcilable defenses. Based on Boykin's arguments, and the Government's consent to separate trials, I find that Boykin would suffer "real prejudice" if tried with Patterson. I will grant Boykin's request to sever his trial from Patterson's and will direct that Patterson be tried first.

### 2. *Joinder of Offenses*

An indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). As when defendants are joined, the court has discretion to sever offenses if it appears that a defendant or the Government is prejudiced by a joinder. Fed. R. Crim. P. 14(a). However, Rule 8(a) "is broadly construed in favor of joinder to promote the efficient

administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902-03 (8th Cir. 2008) (citing *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005), and *United States v. Rock*, 282 F.3d 548, 552 (8th Cir. 2002)). Offenses may be properly joined pursuant to Rule 8(a) when they are factually interrelated. *Rock*, 282 F.3d at 552.

Boykin correctly notes that Count 1 is somewhat distinct from Counts 2, 3 and 6. Count 1 accuses Boykin of being part of a conspiracy to distribute marijuana from June 2012 through February 25, 2013. Counts 2, 3 and 6 relate to events that allegedly occurred on February 25, 2013. Boykin is alleged to have kidnapped an individual identified in the indictment as "R.W." *See* Count 2. He is further alleged to have either possessed and brandished, or aided and abetted in the possession and brandishing of, a firearm during the alleged offense. *See* Count 3. Finally, he is alleged to have been prohibited, by virtue of being an alleged, unlawful user of a controlled substance, from possessing a firearm as of February 25, 2013. *See* Count 6. Boykin argues that the three offenses arising from the alleged events of February 25, 2013, are so unconnected from the conspiracy offense alleged in Count 1 that submitting all counts to a single jury in a single trial would be unfairly prejudicial to him.

In response, the Government alleges that the four alleged offenses *are* sufficiently connected. Specifically, the Government alleges that R.W. was not only the victim of the alleged kidnapping, but also was a customer of the marijuana-distribution conspiracy and was kidnapped and robbed *because of* his status as a customer. That is, the Government contends that Boykin's alleged drug-distribution relationship with R.W. allowed him to lure R.W. into a vehicle, where he was then kidnapped, robbed and later released.

4

Of course, all of these are just allegations. At this point, however, they do establish that Count 1 is not entirely distinct from Counts 2, 3 and 6. If the latter counts arose from the alleged kidnapping of an individual who was a complete stranger to the alleged drug-distribution conspiracy, Boykin's argument would carry more weight. But that is not what the Government contends. Instead, according to the Government, R.W. is connected to the conspiracy alleged in Count 1 and his connection to that conspiracy gave Boykin the opportunity to commit the alleged offenses against him.

These allegations, when combined with the broad construction that must apply to the joinder of offenses under Rule 8(a), are sufficient to demonstrate that joinder of Counts 1, 2, 3 and 6 was proper. Moreover, Boykin has not demonstrated that he will suffer real prejudice, as required by Rule 14(a), if all four counts are tried together. As such, his request for a separate trial with regard to Count 1 will be denied.

## *CONCLUSION*

Based on the foregoing, Boykin's motion to sever (Doc. No. 38) is **granted in part** and **denied in part**. Co-defendants Boykin and Patterson shall be severed for trial, with Patterson being tried first, as scheduled, beginning November 18, 2013. The date for Boykin's separate trial will be established by subsequent order.

Count 1 against Boykin will not be severed from Counts 2, 3 and 6. All four counts against Boykin will be tried together in a single trial.

**IT IS SO ORDERED.**

**DATED** this 15th day of October, 2013.

                                                _____
                                                LEONARD T. STRAND
                                                UNITED STATES MAGISTRATE JUDGE