# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TREY MICHAEL BOYKIN,<br><br>　　　　Defendant. | No. 13-CR-4046-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Trey Michael Boykin's "Motion for Judgment of Acquittal or in the Alternative a New Trial" ("Motion") (docket no. 102).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On October 24, 2013, a grand jury returned a six-count Superseding Indictment (docket no. 47) against Defendant and Gerry Alan Patterson. Count 1 charged Defendant with conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 846. Count 2 charged Defendant with willfully and unlawfully seizing, confining, inveigling, decoying, kidnapping, abducting and carrying away and holding R.W. by a means, facility and instrumentality of interstate commerce in violation of 18 U.S.C. § 1201. Count 3 charged Defendant with possessing and brandishing and aiding and abetting the possession and brandishing of a firearm in furtherance of the kidnapping in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). Count 6 charged Defendant with knowingly possessing or aiding and abetting the possession of a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The Superseding Indictment also included a forfeiture allegation.

On January 21, 2014, a jury trial commenced on Counts 1, 2, 3 and 6 of the Superseding Indictment as to Defendant. On January 22, 2014, at the close of the

government's evidence and at the close of all evidence, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Civil Procedure 29. January 22, 2014 Minute Entry (docket no. 93). The court denied such motion as to Count 1, struck the aiding and abetting language from Count 6 and reserved ruling as to Counts 2 and 3. *Id.* On January 23, 2014, the jury returned guilty verdicts as to Counts 1 and 2 and not guilty verdicts as to Counts 3 and 6. Jury Verdicts (docket no. 97).

On January 28, 2014, Defendant filed the Motion in which Defendant requests that the court grant a judgment of acquittal or a new trial on Counts 1 and 2. On February 4, 2014, the government filed a Resistance (docket no. 103). The matter is fully submitted and ready for decision.

### III. RELEVANT FACTUAL BACKGROUND

The trial evidence established that, between June 1, 2012 and February 25, 2013, Defendant sold distribution quantities of marijuana to R.W., a student at Briar Cliff University in Sioux City, Iowa, and R.W. then distributed the marijuana to his acquaintances at Briar Cliff University. Then, on or about February 25, 2013, R.W. contacted Defendant seeking more marijuana to distribute. Defendant contacted Gerry Patterson to obtain the marijuana, but Patterson did not have any marijuana. Despite not having marijuana, Defendant represented to R.W. that he would sell him marijuana. Defendant and Patterson drove to the Briar Cliff University campus in Defendant's vehicle and convinced R.W. to enter the vehicle. Defendant and Patterson then prevented R.W. from leaving the vehicle and drove several miles away from campus. Patterson pointed a firearm at R.W. and extracted approximately $300 from R.W.

### IV. MOTION FOR JUDGMENT OF ACQUITTAL

#### A. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is

insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). It is well-settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

### *B. Analysis*[1]

---

[1] In the Motion, Defendant also appears to allege that the verdicts were contrary to the weight of the evidence and were unsupported by substantial evidence for Counts 1 and 2. *See* Motion at 2 ("The verdicts are contrary to the weight of the evidence . . . [and] [t]he verdicts are unsupported by substantial evidence . . . ."). However, in his Brief in Support of the Motion (docket no. 102-1), Defendant only argues that the Indictment and the Superseding Indictment were insufficient to charge him with kidnapping. Given the absence of argument or citation to relevant authority offered by Defendant as to the sufficiency and weight of the evidence arguments, the court finds that Defendant abandoned any argument other than his argument that the Indictment and Superseding Indictment were insufficient to charge him with kidnapping. Nevertheless, even if Defendant still maintains that the verdicts were contrary to the weight of the evidence and unsupported by substantial evidence, the court finds such arguments unavailing. The jury's verdicts were not contrary to the weight of the evidence and were supported by substantial evidence.

In his Brief in Support of the Motion, Defendant argues that he is entitled to a judgment of acquittal because the Indictment and Superseding Indictment failed to allege all the necessary elements constituting the offense of kidnapping because it did not include the language "for ransom or reward or otherwise." In response, the government argues that "[t]he 'any purpose' language is implicit in the current indictment . . . [because] [o]ne cannot knowing[ly] and willfully hold . . . an individual without a purpose." Resistance at 4. Neither Defendant nor the government have provided the court with any specific authority as to whether the "for ransom or reward or otherwise" language must be included in an indictment under 18 U.S.C. § 1201.

"When an indictment is challenged after jeopardy attaches, it is upheld 'unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant[] [was] convicted.'" *United States v. Pennington*, 168 F.3d 1060, 1064-65 (8th Cir. 1999) (quoting *United States v. Just*, 74 F.3d 902, 904 (8th Cir. 1996)). To be sufficient, "[a]n indictment need not use the specific words of the statute, so long as by fair implication it alleges an offense recognized by law." *United States v. Villarreal*, 707 F.3d 942, 957 (8th Cir. 2013) (quoting *Pennington*, 168 F.3d at 1065) (internal quotation marks omitted). "An indictment is insufficient if it fails to allege an essential element of the crime charged, but in determining whether an essential element has been omitted, 'a court may not insist that a particular word or phrase appear in the indictment when the element is alleged 'in a form' which substantially states the element.'" *United States v. Redzic*, 627 F.3d 683, 688 (8th Cir. 2010) (quoting *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988)). "Although 'a citation in the indictment to the applicable statute [is] not in itself sufficient to supply an element of a charged offense omitted by the grand jury,'" it can be "considered in combination with the other allegations in the indictment as a whole . . . to have [adequately] charged the defendant with the offense for which he was convicted." *Villarreal*, 707 F.3d at 957-58 (first alteration in original)

4

(quoting *United States v. Diaz-Diaz*, 135 F.3d 572, 576 (8th Cir. 1998)) (internal quotation marks omitted).

While it is almost always wise for the government to charge in the words of the statute, here, Count 2 of the Superseding Indictment charged that Defendant "did willfully and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold, R.W." Superseding Indictment at 2. In addition, the Superseding Indictment also indicated that Count 2 was a violation of 18 U.S.C. § 1201. *Id*. Defendant argues that "[n]either the original nor the superseding indictment included any language including the statutory requirement that [the kidnapping offense was] committed for the purpose of ransom, reward or otherwise." Brief in Support of the Motion at 1. Defendant is challenging the sufficiency of the Superseding Indictment for the first time after jeopardy has attached.

The court finds that the Superseding Indictment is not "so defective that by no reasonable construction can it be said to charge the offense" of kidnapping. *Pennington*, 168 F.3d at 1064-65. While 18 U.S.C. § 1201 states that the defendant must hold the kidnapping victim "for ransom or reward or otherwise," an indictment sufficiently charges the crime of kidnapping without any reference to the "for ransom or reward or otherwise" language. *See Hayes v. United States*, 296 F.2d 657, 666 (8th Cir. 1961) ("It is difficult to see how the addition of the words 'for ransom or reward or otherwise' would have added anything to the indictment because obviously 'otherwise' comprehends any purpose at all."); *see also United States v. Webster*, 162 F.3d 308, 328 (5th Cir. 1998) (holding that "an indictment need not include the words 'for ransom, reward or otherwise'"); *United States v. Adams*, 83 F.3d 1371, 1372-74 (11th Cir. 1996) (detailing the history of 18 U.S.C. § 1201 and holding that an indictment is sufficient even when it does not include the words "for ransom or reward or otherwise"); *United States v. Atchison*, 524 F.2d 367, 370-71 (7th Cir. 1975) ("[I]t now appears to be well settled that purpose is not

an element of the offense of kidnap[p]ing and need not be charged or proved to support a conviction under [18 U.S.C. § 1201] . . . .").

Moreover, the Superseding Indictment contained two separate citations to 18 U.S.C. § 1201. *See* Superseding Indictment at 1, 2. Additionally, Defendant did not object to the court's final jury instructions that required the jury to find that Defendant "held [R.W.] for ransom or reward or otherwise." Final Jury Instructions (docket no. 96) at 25. Defendant was clearly "'inform[ed] . . . of the charges against him and allow[ed] . . . to plead double jeopardy as a bar to a future prosecution.'" *United States v. Buchanan*, 574 F.3d 554, 565 (8th Cir. 2009) (quoting *Mallen*, 843 F.2d at 1102). Accordingly, the Superseding Indictment "'can . . . be said to charge the offense for which the defendant[] [was] convicted.'" *Pennington*, 168 F.3d at 1064-65 (quoting *Just*, 74 F.3d at 904). The court shall deny the Motion to the extent it seeks a judgment of acquittal.

## V. MOTION FOR NEW TRIAL

### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation mark omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court's standard of review for a motion for new trial differs from the standard that is applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (reiterating applicable standard).

### *B. Analysis*

Defendant does not provide any argument whatsoever for why the court should grant a new trial. The court finds that the evidence at trial did not "preponderate[] sufficiently heavily against the verdict[s]." *Lincoln*, 630 F.2d at 1319. No miscarriage of justice occurred. Accordingly, the court shall deny the motion to the extent it seeks a new trial.

## VI. CONCLUSION

In light of the foregoing, Defendant Trey Michael Boykin's "Motion for Judgment of Acquittal or in the Alternative a New Trial" (docket no. 102) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 2nd day of April, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA